**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| CAYLYNNE DOBBLES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 24-cv-02014 |
| | ) | (Vermilion Court No. 23 LA 000072) |
| | ) | |
| ILLINOIS NETWORK OF | ) | JURY DEMAND |
| CHILD CARE RESOURCE AND | ) | |
| REFERRAL AGENCIES, and/or | ) | |
| BIRTH TO FIVE ILLINOIS | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/OR BIRTH TO FIVE ILLINOIS (hereinafter referred to as "Defendant" and/or "INCCRRA"), by and through its attorneys, TARA A. RYNIEC of KOPKA PINKUS DOLIN PC, and for its Answer to the Complaint filed by Plaintiff, CAYLYNNE DOBBLES (hereinafter referred to as "Plaintiff" and/or "Dobbles"), hereby states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to the Illinois Human Rights Act, 775 ILCS 5/2-102 and 735 ILCS 5/2-209 of the Illinois Code of Civil Procedure. The Court has jurisdiction over Plaintiffs federal claims pursuant to 28 U.S.C. § 1331.

**ANSWER:**      Defendant, INCCRRA, denies the allegations contained in Paragraph 1 of Plaintiff's Complaint and filed a notice of removal to federal court based upon federal question jurisdiction.

2.      Venue is proper pursuant to 735 ILCS § 5/2-101 because all operative acts underlying this Complaint occurred in Vermilion County, Illinois. Venue is also proper pursuant to 28 U.S.C.

1

1391(b) because the events giving rise to the claims herein occurred with the United States Central

District of Illinois based upon federal question jurisdiction.

**ANSWER:** Defendant, INCCRRA, denies the allegations contained in Paragraph 1 of Plaintiff's Complaint and filed a notice of removal to federal court based upon federal question jurisdiction.

## ADMINISTRATIVE PREREQUISITES

3.      All administrative prerequisites to filing suit have been met and this case is timely.

**ANSWER:** Defendant, INCCRRA, lacks sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      On August 18, 2023, Plaintiff filed a timely and perfected Charge of Discrimination against

Birth to Five Illinois/INCCRRA with the Illinois Department of Human Rights ("IDHR") and the

Equal Employment Opportunity Commission ("EEOC") (Exhibit A).

**ANSWER:** Defendant, INCCRRA, admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Plaintiff requested an "Opt Out" Request Form and received a Notice from IDHR on

October 4, 2023, administratively closing the Investigation and allowing Plaintiff the right to

commence an action in State Court (Exhibit B). The EEOC also issued Plaintiff a "Right to Sue"

letter on November 21, 2023 (Exhibit C).

**ANSWER:** Defendant, INCCRRA, admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## PARTIES

6.      Plaintiff, Ms. Caylynne Dobbies ("Dobbies" or "Plaintiff"), is a protected party under the

Illinois Human Rights Act, 775 ILCS 5/1-102 *et seq,* and Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e *etseq.,* as her gender is Female. Plaintiff also identifies as a lesbian

and is in a same-sex partnership.

**ANSWER:**    Defendant, INCCRRA, admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.    Defendant Illinois Network of Child Care Resource and Referral Agencies is a statewide organization which provides systems and services to children and families in Illinois. INCCRA is an employer as that term is defined by the Illinois Human Rights Act and Title VII.

**ANSWER:**    Defendant, INCCRRA, admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    Defendant Birth to Five Illinois is administrated and operated by INCCRRA. Birth to Five is an advocacy organization with the purpose of engaging local stakeholders in communities to address early-childhood needs. Birth to Five is an employer as that term is defined by the Illinois Human Rights Act and Title VII.

**ANSWER:**    Defendant, INCCRRA, admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## FACTS COMMON TO ALL COUNTS

9.    Plaintiff was hired as the Family and Community Engagement Specialist of Birth to Five in Region 54 in Danville, Illinois. Region 54 provides services to individuals within the Vermilion County area.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    At all times herein, Plaintiffs Supervisor was Regional Council Manager, Tammy Pollitt.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    Plaintiff is President of the Vermilion County Pride Coalition 501(c)(3) ("VC Pride"), a non-profit serving to support the LGBTQ+ community in Vermilion County.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.    On May 2, 2023, Plaintiff utilized available flex-time hours at her employment to take the

afternoon of May 2, 2023 off of work. Plaintiff's supervisor approved the use of flex-time hours.

**ANSWER:**  Defendant, INCCRRA, admits that on or about May 2, 2023, Plaintiff requested approval to use flex-time hours to take the afternoon off of work, but Defendant denies that Plaintiff's use flex-time on said date was properly approved, and further denies that Plaintiff's request to use flex-time was in compliance with Defendant's employment policies, and therefore, Defendant denies said allegations, and demands strict proof thereof.

13.    On May 2, 2023, the Danville City Council scheduled a Meeting for the purpose of voting on Ordinance No. 9432, an "Ordinance Adding Chapter 142 to the Danville, Illinois Code of Ordinances; Requiring Compliance with Federal Abortion Laws."

**ANSWER:**  Defendant, INCCRRA, lacks sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.    Plaintiff attended a protest outside of the City Council on May 3, 2023, in her capacity as President of VC Pride. Plaintiff spoke at a public press conference about the importance of reproductive healthcare in Illinois and shared her personal experience seeking abortion care. Plaintiff's passionate comments were published by the local news media in East-Central Illinois.

**ANSWER:**  Defendant, INCCRRA, lacks sufficient information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    On May 4, 2023, after Pollitt learned about Plaintiffs remarks at the protest the previous day, Pollitt informed Plaintiff that Pollitt was revoking Plaintiffs flex-time from May 2, 2023, and that Plaintiff would need to use her PTO hours for that time.

**ANSWER:**  Defendant, INCCRRA, admits that Plaintiff's flex-time that was used on May 2, 2023, which Plaintiff was informed should have been used as PTO hours based upon Defendant's employment policy for flex-time and PTO hours.  Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint, and demands strict proof thereof.

16.    On May 4, 2023, Plaintiff emailed INCCRRA Human Resources to report that she felt that Pollitt was discriminating against her on the basis of her sexual orientation and political affiliation and requested clarification on the policy for utilizing flex-time.

**ANSWER:**     Defendant, INCCRRA, admits that on or about May 4, 2023, Plaintiff emailed
Defendant's Human Resources and reported discriminatory conduct, but Defendant
denies that Pollitt engaged in discriminatory conduct based upon the allegations
contained in Paragraph 16 of Plaintiff's Complaint, and therefore, Defendant denies
said allegations, and demands strict proof thereof.

17.     On May 8, 2023, Plaintiff had a one-on-one meeting with Pollitt. During this meeting,

Pollitt again reprimanded Plaintiff for allegedly utilizing her PTO inappropriately, and for not

"staying on topic" when Plaintiff discussed her family in the workplace.

**ANSWER:**     Defendant, INCCRRA, admits that on or about May 8, 2023, Plaintiff had a meeting
with Pollitt, but denies the remaining allegations contained in Paragraph 17 of
Plaintiff's Complaint, and demands strict proof thereof.

18.     On May 8, 2023, Plaintiff also met with Amanda Schroeder with INCCRRA Human

Resources. Plaintiff summarized the content of that meeting in an email on May 9, 2023. Again,

Plaintiff stated that she believed that Pollitt was discriminating against her based on her sexual

orientation, including: a) Derogatory comments about Plaintiffs sexuality; b) Revoking Plaintiffs

previously approved flex-time; and c) speaking negatively of Plaintiff in front of other INCCRRA

staff (Exhibit D).

**ANSWER:**     Defendant, INCCRRA, admits that on or about May 8, 2023, Plaintiff had a meeting
with Amanda Schroeder of Defendant's Human Resources, but Defendant denies
that Plaintiff's email dated May 9, 2023, that was attached to Plaintiff's Complaint
as Exhibit D, truly and accurately depicts the alleged meeting that occurred on that
date.

19.     Attached to Plaintiffs May 9, 2023, email, Plaintiff included an anonymous complaint

from a member of the Birth to Five Family Section Council who reported that they had heard

Pollitt speaking negatively about Plaintiffs sexual orientation, stating that Pollitt had said

Complaint was "too gay" (Exhibit D).

**ANSWER:**     Defendant, INCCRRA, admits that Plaintiff sent the email to Defendant that was
dated May 9, 2023, and was attached to Plaintiff's Complaint as Exhibit D, but
Defendant denies that Pollitt made the statements alleged in Exhibit D, and further

denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint, and demands strict proof thereof.

20.    On May 16, 2023, Plaintiff was issued a "counseling statement" discipline from INCCRRA.

**ANSWER:**    Defendant, INCCRRA, admits that on or about May 16, 2023, Plaintiff was issued a "counseling statement" by Defendant, which was a verbal warning made to Plaintiff for her violations of Defendant's employment policies.

21.    On June 5, 2023, Plaintiffs attorney contacted INCCRRA on behalf of Plaintiff and once again reiterated that Plaintiff felt that Pollitt was discriminating against her based on Plaintiffs sexual orientation, as well as retaliating against Complainant for having reported Pollitt's discriminatory actions to INCCRRA Human Resources.

**ANSWER:**    Defendant, INCCRRA, admits that on or about June 5, 2023, it was contacted by Plaintiff's attorney, who made the statements to Defendant as alleged in Paragraph 21 of Plaintiff's Complaint, but Defendant denies that Pollitt was discriminating against Plaintiff, and denies that Defendant retaliated against Plaintiff as alleged in Paragraph 21 of Plaintiff's Complaint, and therefore, Defendant denies said allegations, and demands strict proof thereof.

22.    On June 12, Plaintiff was told that Pollitt was speaking to other Birth to Five staff members and accusing Plaintiff of having placed an electronic surveillance device within the Birth to Five office. Plaintiff was utilizing PTO during this time period, and there was no logical reason for Pollitt to suspect Plaintiff of surveilling her.

**ANSWER:**    Defendant, INCCRRA, has insufficient information to either admit or deny said allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore, Defendant denies said allegations, and demands strict proof thereof.

23.    On June 30, 2023, Plaintiff was formally disciplined by INCCRRA's Human Resources.

**ANSWER:**    Defendant admits that on or about June 30, 2023, Plaintiff was disciplined by Defendant's Human Resources for Plaintiff's violations of Defendant's employment policies, but Defendant denies that any disciplinary measures taken with Plaintiff, were in any way, connected to, or the result of any type of protected activity that Plaintiff engaged in as alleged in Paragraph 23 of Plaintiff's Complaint.

24.     On July 5, 2023, Plaintiff, through her attorney, provided a written response to the June 30, 2023 discipline. Plaintiff's attorney requested that INCCRRA remove both the May 16 and June 30 discipline from Plaintiffs personnel file and reopen the investigation into Pollitt's discriminatory actions which Plaintiff had previously filed with Schroeder.

**ANSWER:**     Defendant, INCCRRA, admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     INCCRRA did not remove the May 16 or June 30 discipline from Plaintiffs personnel file and did not reopen the investigation into Pollitt's discriminatory conduct toward Plaintiff.

**ANSWER:**     Defendant, INCCRRA, admits that it did not remove the May 16 and June 30 written warnings, which were un-signed by Plaintiff, and placed into Plaintiff's personnel file. Defendant, INCCRRA, further admits that it did not reopen the investigation as alleged in Paragraph 25 of Plaintiff's Complaint because there was no new evidence or information presented to Defendant to warrant reopening the investigation that resulted in no findings that Pollitt engaged in discriminatory conduct towards Plaintiff.

26.     INCCRRA, by and through their counsel, sent correspondence to Plaintiff's counsel indicating that Plaintiff, among other things, did not have the ability to "work collaboratively" and otherwise to perform her job duties, despite Plaintiff never having any discipline prior to her protected activity.

**ANSWER:**     Defendant, INCCRRA, admits that a correspondence was sent to Plaintiff's counsel, which addressed Plaintiff's performance issues, and violations of Defendant's employment policies, but denies that Defendant's disciplinary measures had any causal relationship with protected activity that Plaintiff may have engaged in during her employment with Defendant.

27.     As a result of statements saying Defendant's did not believe Plaintiff could continue to perform her job duties, Plaintiff was constructively discharged from her employment with Birth to Five on July 21, 2023.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 27 of Plaintiff's Complaint, and demands strict proof thereof. Defendant, INCCRRA, further states that Plaintiff voluntarily terminated her own employment.

## COUNT I
**(Illinois Human Rights Act—Retaliation)**

28.    Plaintiff repeats and re-alleges the previous paragraphs of the Complaint as if fully set forth herein.

**ANSWER:**    Defendant, INCCRRA, incorporates by reference its answers to Paragraphs 1 through 27 above as if set out fully herein as Paragraphs 1 through 27 of Count I of Plaintiff's Complaint.

29.    Plaintiff engaged in protected activity when she reported discriminatory actions taken against her by her supervisor to Defendants' Human Resources.

**ANSWER:**    Defendant, INCCRRA, admits that Plaintiff reported discriminatory actions taken against her by her supervisor to Defendant's Human Resources, but denies that Plaintiff's supervisor engaged in the discriminatory actions reported by Plaintiff as alleged in Paragraph 29 of Count I of Plaintiff's Complaint, and therefore, Defendant denies said allegations, and demands strict proof thereof.

30.    Defendants engaged in retaliatory adverse employment actions against Plaintiff due to her protected activity as described above, culminating in Plaintiff's constructive discharge on July 21,2023.

**ANSWER:**    Defendant, INCCRRA, denies the allegations contained in Paragraph 30 of Count I of Plaintiff's Complaint, and demands strict proof thereof.

31.    A causal and temporal relationship exists between Plaintiffs protected activity and the adverse employment action(s) taken by Defendants against Plaintiff.

**ANSWER:**    Defendant, INCCRRA, denies the allegations contained in Paragraph 31 of Count I of Plaintiff's Complaint, and demands strict proof thereof.

32.    There is no legitimate, non-discriminatory reason for Defendants to have taken adverse actions against Plaintiff, and any such actions were pretextual.

**ANSWER:**    Defendant, INCCRRA, denies the allegations contained in Paragraph 32 of Count I of Plaintiff's Complaint, and demands strict proof thereof.

33.     As a direct and proximate result of one or more of the above acts of retaliation, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 33 of Count I of Plaintiff's Complaint, and demands strict proof thereof.

WHEREFORE, Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, respectfully requests that this Court enter a judgment in its favor and against Plaintiff, CAYLYNNE DOBBLES, for Count I of Plaintiff's Complaint, and that Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, be awarded its costs, and any other relief that this Court deems fit and just under the circumstances.

## COUNT II
### (Title VII—Retaliation)

34.     Plaintiff repeats and re-alleges the previous paragraphs of the Complaint as if fully set forth herein.

**ANSWER:**     Defendant, INCCRRA, incorporates by reference its answers to Paragraphs 1 through 33 above as if set out fully herein as Paragraphs 1 through 33 of Count II of Plaintiff's Complaint.

35.     Title VII makes it unlawful for an employer to discriminate against an employee because he or she has opposed any practice made an unlawful by Title VII, or if he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

**ANSWER:**     Defendant, INCCRRA, admits to the existence of Title VII, but denies that Defendant violated Title VII as alleged in Paragraph 35 of Count II of Plaintiff's Complaint, and demands strict proof thereof.

36.     Plaintiff engaged in a protected activity in that she reported incidents of harassment and

9

discriminatory conduct on the part of her supervisor to Defendants' Human Resources.

**ANSWER:**     Defendant, INCCRRA, admits that Plaintiff reported incidents of harassment and discriminatory conduct on the part of Plaintiff's supervisor to Defendant's Human Resources, but Defendant denies that Defendant's supervisor engaged in any incidents of harassment and discriminatory conduct reported by Plaintiff as alleged in Paragraph 36 of Count II of Plaintiff's Complaint, and therefore, Defendant denies said allegations, and demands strict proof thereof.

37.    Plaintiff faced retaliation and suffered a materially adverse employment action (termination) by Defendants as a result of her engaging in a protected activity.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 37 of Count II of Plaintiff's Complaint, and demands strict proof thereof.

38.    A causal connection exists between Plaintiffs protected activity and the adverse employment actions of Defendants.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 38 of Count II of Plaintiff's Complaint, and demands strict proof thereof.

39.    Defendants have subjected Plaintiff to the above-described less favorable terms and conditions of employment, failed to take proper steps to address Plaintiffs complaints of discrimination and harassment, and terminated Plaintiffs employment because of her protected activity in violation of Title VII.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 39 of Count II of Plaintiff's Complaint, and demands strict proof thereof.

40.    Defendants have treated similarly situated employees who did not report discrimination and/or engage in protected activity more favorably than Plaintiff.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 40 of Count II of Plaintiff's Complaint, and demands strict proof thereof.

41.    That as a direct and proximate result of one or more of the above acts of retaliation as described above, Plaintiff has sustained damages equal to lost monetary damages, damage to her

professional reputation, emotional distress, and is entitled to compensatory damages, punitive

damages, as well as attorneys' fees and costs.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 41 of Count
II of Plaintiff's Complaint, and demands strict proof thereof.

WHEREFORE, Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND

REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, respectfully requests that this

Court enter a judgment in its favor and against Plaintiff, CAYLYNNE DOBBLES, for Count II of

Plaintiff's Complaint, and that Defendant, ILLINOIS NETWORK OF CHILD CARE

RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, be awarded its

costs, and any other relief that this Court deems fit and just under the circumstances.

## COUNT III
### (Illinois Human Rights Act—Gender/Sexual Orientation)

42.     Plaintiff repeats and re-alleges the previous paragraphs of the Complaint as if fully set forth

herein.

**ANSWER:**     Defendant, INCCRRA, incorporates by reference its answers to Paragraphs 1
through 41 above as if set out fully herein as Paragraphs 1 through 41 of Count III
of Plaintiff's Complaint.

43.     Plaintiff is a member of a protected class as it relates to her sexual orientation (lesbian).

**ANSWER:**     Defendant, INCCRRA, admits the allegations contained in Paragraph 43 of Count
III of Plaintiff's Complaint.

44.     Plaintiff met and exceeded the reasonable expectations of her employment.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 44 of Count
III of Plaintiff's Complaint, and demands strict proof thereof.

45.     Plaintiff experienced discrimination from her supervisor, Tammy Pollitt, as a result of

Plaintiff s sexual orientation, and was also subjected to adverse actions on behalf of Defendants

Birth to Five and INCCRRA, as described above.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 45 of Count III of Plaintiff's Complaint, and demands strict proof thereof.

46.   Plaintiff was constructively discharged from her employment on July 21, 2023.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 46 of Count III of Plaintiff's Complaint, and demands strict proof thereof. Defendant, INCCRRA, further states that Plaintiff voluntarily terminated her own employment.

47.   Other employees who do not identify with the LGBTQ+ community were not discriminated against or constructively discharged by Defendants.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 47 of Count III of Plaintiff's Complaint, and demands strict proof thereof. Defendant, INCCRRA, further states that Plaintiff voluntarily terminated her own employment.

48.   As a direct and proximate result of one or more of the above acts of retaliation, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 48 of Count III of Plaintiff's Complaint, and demands strict proof thereof.

WHEREFORE, Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, respectfully requests that this Court enter a judgment in its favor and against Plaintiff, CAYLYNNE DOBBLES, for Count III of Plaintiff's Complaint, and that Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, be awarded its costs, and any other relief that this Court deems fit and just under the circumstances.

## COUNT IV
### (Title VII—Gender/Sexual Orientation)

49.     Plaintiff repeats and re-alleges the previous paragraphs of the Complaint as if fully set

forth herein.

**ANSWER:**     Defendant, INCCRRA, incorporates by reference its answers to Paragraphs 1
                through 48 above as if set out fully herein as Paragraphs 1 through 48 of Count IV
                of Plaintiff's Complaint.

50.     Plaintiff is a protected party under Title VII (Civil Rights Act of 1964, Section 701 et seq.,

42 U.S.C.A. 2000e *et seq.)* as it relates to her sexual orientation (lesbian).

**ANSWER:**     Defendant, INCCRRA, admits the allegations contained in Paragraph 50 of Count
                IV of Plaintiff's Complaint.

51.     Plaintiff met and exceeded the reasonable expectations of her employment.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 51 of Count
                IV of Plaintiff's Complaint, and demands strict proof thereof.

52.     Plaintiff experienced discrimination from her supervisor, Tammy Pollitt, as a result of her

sexual orientation, and was also subjected to adverse actions on behalf of Defendants Birth to Five

and INCCRRA, as described above.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 52 of Count
                IV of Plaintiff's Complaint, and demands strict proof thereof.

53.     Plaintiff was constructively discharged from her employment on July 21, 2023.

**ANSWER:**     Defendant, INCCRRA, denies the allegations contained in Paragraph 53 of Count
                IV of Plaintiff's Complaint, and demands strict proof thereof. Defendant,
                INCCRRA, further states that Plaintiff voluntarily terminated her own
                employment.

54.     Other employees of Defendants who do not identify with the LGBTQ+ community were

not discriminated against or constructively discharged by Defendants.

**ANSWER:**     Defendant, INCCRRA, denies the allegations of Paragraph 54 of Count IV of
                Plaintiff's Complaint, and demands strict proof thereof.  Defendant, INCCRRA,
                further states that Plaintiff voluntarily terminated her own employment.

55.     As a direct and proximate result of one or more of the above acts of retaliation, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

**ANSWER:**    Defendant, INCCRRA, denies the allegations of Paragraph 55 of Count IV of Plaintiff's Complaint, and demands strict proof thereof.

WHEREFORE, Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, respectfully requests that this Court enter a judgment in its favor and against Plaintiff, CAYLYNNE DOBBLES, for Count IV of Plaintiff's Complaint, and that Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, be awarded its costs, and any other relief that this Court deems fit and just under the circumstances.

## COUNT V
### (42 U.S.C. §2000e(k)—Pregnancy Discrimination Act)

56.     Plaintiff repeats and re-alleges the previous paragraphs of the Complaint as if fully set forth herein.

**ANSWER:**    Defendant, INCCRRA, incorporates by reference its answers to Paragraphs 1 through 55 above as if set out fully herein as Paragraphs 1 through 55 of Count V of Plaintiff's Complaint.

57.     The federal Pregnancy Discrimination Act of 1978 (PDA) makes it illegal for employers with 15 or more employees to discriminate against women because of pregnancy, child-birth, abortion, or medical conditions related to pregnancy or childbirth.

**ANSWER:**    Defendant, INCCRRA, admits to the existence of the Federal Pregnancy Act of 1978 ("PDA"), but Defendant denies that it violated the PDA as alleged in Paragraph 57 of Count V of Plaintiff's Complaint, and demands strict proof thereof.

58.     Plaintiff was in a protected class, as it relates to pregnancy and her prior personal experience with abortion care.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 58 of Count V of Plaintiff's Complaint, and demands strict proof thereof.

59.   Plaintiff met and exceeded the reasonable expectations of her employment.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 59 of Count V of Plaintiff's Complaint, and demands strict proof thereof.

60.   Plaintiff experienced discrimination from the supervisor, Tammy Pollitt, due to Plaintiffs past experience with abortion care and was also subjected to adverse actions on behalf of Defendants Birth to Five and INCCRRA, as described above.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 60 of Count V of Plaintiff's Complaint, and demands strict proof thereof.

61.   Plaintiff was constructively discharged from her employment on July 21, 2023, due to her prior pregnancy and experience with abortion care.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 61 of Count V of Plaintiff's Complaint, and demands strict proof thereof. Defendant, INCCRRA, further states that Plaintiff voluntarily terminated her own employment.

62.   Other employees of Defendants who had not engaged with abortion care were not discriminated against or constructively discharged by Defendants.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 62 of Count V of Plaintiff's Complaint, and demands strict proof thereof.  Defendant, INCCRRA, further states that Plaintiff voluntarily terminated her own employment.

63.   As a direct and proximate result of one or more of the above acts of retaliation, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

**ANSWER:**   Defendant, INCCRRA, denies the allegations contained in Paragraph 63 of Count V of Plaintiff's Complaint, and demands strict proof thereof.

WHEREFORE, Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, respectfully requests that this Court enter a judgment in its favor and against Plaintiff, CAYLYNNE DOBBLES, on Count V of Plaintiff's Complaint, and that Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, be awarded its costs, and any other relief that this Court deems fit and just under the circumstances.

## COUNT VI
### (Illinois Human Right's Act—Pregnancy and Related Conditions)

64.     Plaintiff repeats and re-alleges the previous paragraphs of the Complaint as if fully set forth herein.

**ANSWER:**     Defendant, INCCRRA, incorporates by reference its answers to Paragraphs 1 through 63 above as if set out fully herein as Paragraphs 1 through 63 of Count VI of Plaintiff's Complaint.

65.     It is a violation of the IHRA "for an employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth. Women affected by pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, regardless of the source of the inability to work or employment classification or status." 775 ILCS 5/2-102(1).

**ANSWER:**     Defendant, INCCRRA, admits to the existence of Section 775 ILCS 5/2-102(a) of the Illinois Human Rights Act ("IHRA"), but Defendant denies that it violated said Section of the IHRA as alleged in Paragraph 65 of Count VI of Plaintiff's Complaint, and demands strict proof thereof.

66.    Plaintiff was in a protected class, as it relates to pregnancy and her prior personal experience with abortion care.

**ANSWER:**    Defendant, INCCRRA, denies the allegations contained in Paragraph 66 of Count VI of Plaintiff's Complaint, and demands strict proof thereof.

67.    Plaintiff met and exceeded the reasonable expectations of her employment.

**ANSWER:**    Defendant, INCCRRA, denies the allegations contained in Paragraph 67 of Count VI of Plaintiff's Complaint, and demands strict proof thereof.

68.    Plaintiff experienced discrimination from the supervisor, Tammy Pollitt, due to Plaintiff's past experience with abortion case and was also subjected to adverse actions on behalf of Defendants Birth to Five and INCCRRA, as described above.

**ANSWER:**    Defendant, INCCRRA, denies the allegations contained in Paragraph 68 of Count VI of Plaintiff's Complaint, and demands strict proof thereof.

69.    Plaintiff was constructively discharged from her employment on July 21, 2023, due to her pregnancy and her personal experience with abortion care.

**ANSWER:**    Defendant, INCCRRA, denies the allegations contained in Paragraph 69 of Count VI of Plaintiff's Complaint, and demands strict proof thereof.  Defendant, INCCRRA, further states that Plaintiff voluntarily terminated her own employment.

70.    Other employees of Defendants who were not in the same protected class as Plaintiff were not discriminated against or constructively discharged by Defendants.

**ANSWER:**    Defendant, INCCRRA, denies the allegations contained in Paragraph 70 of Count VI of Plaintiff's Complaint, and demands strict proof thereof. Defendant, INCCRRA, further states that Plaintiff voluntarily terminated her own employment.

71.    As a direct and proximate result of one or more of the above acts of retaliation, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

**ANSWER:**    Defendant, INCCRRA, denies the allegations contained in Paragraph 71 of Count VI of Plaintiff's Complaint, and demands strict proof thereof.

WHEREFORE, Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, respectfully requests that this Court enter a judgment in its favor and against Plaintiff, CAYLYNNE DOBBLES, for Count VI of Plaintiff's Complaint, and that Defendant, ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS, be awarded its costs, and any other relief that this Court deems fit and just under the circumstances.

Respectfully submitted,

By: */s/Tara Ryniec*
One of the Attorneys for Defendant,
ILLINOIS NETWORK OF CHILD CARE RESOURCE AND REFERRAL AGENCIES, and/or BIRTH TO FIVE ILLINOIS

Tara A. Ryniec
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
Tele:   312-782-9920
Email: taryniec@kopkalaw.com
Attorney No. 6278367

**CERTIFICATE OF SERVICE**

I, Tara Ryniec, certify that I electronically filed the attached Defendant's Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system on March 6, 2024. Pursuant to FED.R.CIV.P. 5(b)(3) and the Central District of Illinois' LR 5.9, I have thereby electronically served all Filing Users with a copy of Defendant's Answer to Plaintiff's Complaint.

Ronald S. Langacker
210 N. Broadway
Urbana, Illinois 61801
Tele:   217-954-1025
Email: ron@langackerlaw.com

By: */s/Tara Ryniec*
One of the Attorneys for Defendant,
ILLINOIS NETWORK OF CHILD CARE
RESOURCE AND REFERRAL
AGENCIES, and/or BIRTH TO FIVE
ILLINOIS

Tara A. Ryniec
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
Tele:   312-782-9920
Email: taryniec@kopkalaw.com
Attorney No. 6278367